BARFIELD, Judge,
dissenting.
Nowhere in the majority opinion is there a statement of the issue of exceptional importance upon which this case was considered en banc. Reference is made to the order for supplemental briefing which suggested that this court was concerned about the application of Adoption of Doe: Doe v. Roe, 543 So.2d 741 (Fla.1989), and Lehr v. Robertson, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983), but no suggestion is made that this court passed upon this matter en banc. Of course it could not because no issue of abandonment was ever present and none could be created. It was conceded by the parties and this court that abandonment was irrelevant in this case. The only issue ever present was the sufficiency of the evidence under the clear and convincing standard. That was the ruling of the three judge panel and is the sole consideration of the opinion of this court that now consumes more than 100 pages. If we are to review, en banc, three judge rulings that are based solely on sufficiency of evidence, then any dissenting and disgruntled panel member has the right to require thirteen judges to choose sides on the record, whether they have read it or not. This case has never been a proper subject of en banc consideration.
I concur in Judge Zehmer’s dissent as it accurately reflects the record (such as it is) and the applicable law, both of which I have read and reviewed completely.
Having reviewed Judge Allen’s concurrence, I can agree with him that the issue is sufficiency of the evidence, although I can’t understand why he didn’t move to dissolve en banc in the absence of a proper en banc issue. We now have thirteen judges with three views of the evidence, i.e., sufficient, insufficient and partially sufficient (albeit Judge Allen might have found differently had he been the trial judge).